IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| JAMES SMITH,<br>    PLAINTIFF,<br><br>v.<br><br>CAMBRIDGE ASSET MANAGEMENT &<br>ASSOCIATES, LLC, and<br>ANGEL MARTY, individually,<br>    DEFENDANTS | Case No. 4:17CV815-JM<br><br>FILED<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT ARKANSAS<br><br>DEC 11 2017<br><br>JAMES W. McCORMACK, CLERK<br>By: _____ DEP CLERK<br><br>This case assigned to District Judge _____<br>and to Magistrate Judge _____ |

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101, et seq., ("AFDCPA") and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Cal. Civ. Code at §§ 1788, et seq., by Cambridge Asset Management & Associates, LLC ("Cambridge") and Angel Marty ("Marty").

2. Cambridge and Marty are subject to the collection laws of the state of Arkansas because each do business here and each purposefully directed their conduct at this state by communicating with Plaintiff.

3. Cambridge and Marty are subject to the collection laws of the state of California because each were located in the state of California at all times relevant hereto and the actions of each were directed at Plaintiff from their location in California.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

1

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

1. Plaintiff James Smith ("Plaintiff") is a natural person, who at all relevant times resided in Saline County, Arkansas, and thus is a "person" as that term is defined by California Civil Code § 1788.2(g).

2. Cambridge is a Delaware limited liability company with principal offices situated at 8220 Katella Ave., Stanton, CA 90680, according to the 2017 Statement of Information (annual report) it filed with the California Secretary of State.

3. Cambridge may be served through its registered agent, Angel Marty, at 7108 Katella Ave., Suite 276, Stanton, CA 98680, or in accordance with California or Arkansas law.

4. Marty is a natural person, believed to be residing at 5242 Ivywood Dr., La Palma, CA 90623.

5. Marty may be served wherever he may be found in accordance with California or Arkansas law.

6. Marty is the sole member of Cambridge according to the 2017 Statement of Information (annual report) it filed with the California Secretary of State.

## FACTUAL ALLEGATIONS

7. Plaintiff is or was allegedly obligated on an old account originating with a medical provider in Springhill, Louisiana ("Account"). The Account originated for personal

healthcare services The Account was not used to make commercial or business purchases whatsoever.

8. The Account defaulted in approximately 2009.

9. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

10. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5), Ark. Code Ann. § 17-24-502(4), and Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

12. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

13. The principal purpose of Cambridge is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

14. Cambridge regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. Cambridge is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

16. Cambridge, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Because Cambridge engages in "debt collection", Cambridge is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

18. During all times pertinent hereto, Cambridge directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint via its ownership of Cambridge and by setting the policies and procedures for Cambridge and its agents.

19. Marty actively manages Cambridge and directs the policies of those companies.

20. At all relevant times, Marty directed the employees and agents of Cambridge to act in the manner it acted as described below when attempting collections from Plaintiff.

21. Marty regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Marty uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

22. Marty is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

23. Marty, in the ordinary course of business, regularly, and on behalf of himself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

24. Because Marty engages in "debt collection", Marty is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

25. During the one year prior to the date of the filing of this Complaint, Cambridge and/or representative(s), employee(s) and/or agent(s) of Cambridge used telecommunications and the mail and/or electronic mail to communicate with Plaintiff about the Account in order to collect the Account.

26. In one such communication, in approximately January 2017, Cambridge communicated with Plaintiff on the telephone by leaving a voicemail which contained the following language:

> Yes, this message is for James Smith. I'm calling on behalf of Central Department of Legal Services. We were contracted to deliver some legal documents for Mr. Smith to appear in court. (inaudible) These documents will be (inaudible) for address we have on file. So to avoid any further legal complication, or (inaudible) to appear, he must contact case manager, Ms. Darlene Peterson, at 855-265-0211. When calling in reference case number 429221-CR.

27. In another call to Plaintiff on or about March 6, 2017, Cambridge told Plaintiff that if a payment was not made on the Account that day, the court process would begin.

28. In another call to Plaintiff on or about November 20, 2017, Cambridge told Plaintiff that if Plaintiff did not call back to make a payment on the account, Cambridge would file a fraud complaint with the Little Rock Police Department.

29. Plaintiff called back after receiving the November 20, 2017 voicemail and was told by Cambridge that Little Rock police would be coming to find him after Thanksgiving to serve him for fraudulent committing to payment. Cambridge further told Plaintiff that Cambridge was able to have Plaintiff "locked up."

30. On November 27, 2017, Cambridge left another voicemail for Plaintiff telling him that a formal fraud complaint had been prepared to send to the Little Rock Police Department. Cambridge gave Plaintiff file number "429221AM" to reference when he called back.

31. Cambridge said the things it said for the purpose of causing Plaintiff to believe that he had been sued or immanently would be sued on the Account if it was not paid, and

that Cambridge had involuntary options available to it for enforcement of any judicial decision it received on the Account.

32. Cambridge's conduct would cause the least sophisticated consumer to believe that he had been sued or immanently would be sued on the Account if it was not paid, and that Cambridge had involuntary options available to it for enforcement of any judicial decision it received on the Account.

33. Plaintiff believed that he had been sued or immanently would be sued on the Account if it was not paid, and that Cambridge had involuntary options available to it for enforcement of any judicial decision it received on the Account.

34. The information conveyed to Plaintiff was false, misleading and deceptive in that there was no legal issue, or pending or immanent lawsuit. Further, Cambridge was not going to and did not file any fraud charges against Plaintiff with the Little Rock Police Department.

35. The account was so old that Plaintiff could not be sued on the Account because such suit was barred by the applicable statute of limitation.

36. Cambridge did not, in any communication with Plaintiff, inform Plaintiff that it was a debt collector.

37. Cambridge did not, in its first communication with Plaintiff, inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

38. Cambridge did not ever provide Plaintiff with the notices of his right to dispute the debt or to request validation of the debt as required in 15 U.S.C. § 1692g.

39. At the time the threats by Cambridge regarding the filing of a lawsuit were made, and

as of the filing of this complaint, no lawsuit had/has been filed on the Account and Cambridge had no intention of doing so at the time the threats were made.

40. In all of the communications between Plaintiff and Cambridge, Cambridge failed to provide meaningful disclosure of its identity.

41. All of the conduct by Cambridge described above was done knowingly and willfully and purposefully.

42. Cambridge's purpose for all of the communications with Plaintiff described above and all others was to attempt to collect the Account.

43. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

44. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

45. The only reason that Cambridge and/or representative(s), employee(s) and/or agent(s) of Cambridge made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

46. Marty was aware of the conduct of Cambridge and its employees.

47. Marty instructed Cambridge and its employees to act in the manner they did.

48. Marty ratified the conduct of Cambridge and its employees.

49. Marty profited from the conduct of Cambridge and its employees.

50. During all times pertinent hereto, Marty (a) created the collection policies and procedures used by Cambridge, and its respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Cambridge, (c) oversaw the

application of the collection policies and procedures used by Cambridge and its employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Cambridge and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Cambridge and its employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Cambridge and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

51. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

**RESPONDEAT SUPERIOR**

52. The representative(s) and/or collector(s) at Cambridge were employee(s) and/or agent(s) of Cambridge at all times mentioned herein.

53. The representative(s) and/or collector(s) at Cambridge were acting within the course and/or scope of their employment at all times mentioned herein.

54. The representative(s) and/or collector(s) at Cambridge were under the direct supervision and/or control of Cambridge at all times mentioned herein.

55. The actions of the representative(s) and/or collector(s) at Cambridge are imputed to their employer, Cambridge.

56. Marty exerted influence and control over Cambridge, via ownership, and directed Cambridge's employees and agents to act in the ways described above when Cambridge attempted its collections from Plaintiff.

57. Marty is liable to Plaintiff for the violations of Cambridge and Cambridge's employees and agents.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY CAMBRIDGE ASSET MANAGEMENT & ASSOCIATES, LLC

58. The previous paragraphs are incorporated into this Count as if set forth in full.

59. The act(s) and omission(s) of Cambridge and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

60. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Cambridge.

### COUNT II: VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY CAMBRIDGE ASSET MANAGEMENT & ASSOCIATES, LLC

61. The previous paragraphs are incorporated into this Count as if set forth in full.

62. The act(s) and omission(s) of Cambridge and its representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and 17-24-508(a)&(b).

63. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Cambridge.

### COUNT III: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY CAMBRIDGE ASSET MANAGEMENT & ASSOCIATES, LLC

64. The previous paragraphs are incorporated into this Count as if set forth in full.

65. The act(s) and omission(s) of Cambridge and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

66. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Cambridge.

## COUNT IV: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY ANGEL MARTY

67. The previous paragraphs are incorporated into this Count as if set forth in full.

68. The act(s) and omission(s) of Marty and his/her representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

69. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Marty.

## COUNT V: VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY ANGEL MARTY

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of Marty and his/her representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and 17-24-508(a)&(b).

72. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Marty.

## COUNT VI: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY ANGEL MARTY

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of Marty and his/her representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

75. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Marty.

## JURY TRIAL DEMAND

76. Plaintiffs are entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

77. Judgment in favor of James Smith and against Cambridge Asset Management & Associates, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

    e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

    f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

    g. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    h. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

    i. Such other and further relief as the Court deems just and proper.

78. Judgment in favor of James Smith and against Angel Marty as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

    e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

    f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

    g. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

    h. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

    i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682) 651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro
ATTORNEYS FOR PLAINTIFF